MARY C. SULLINGS *vs.* ANDREW RICHMOND & another.
SAME *vs.* SAME.

The right of a widow, who has waived the provisions made for her benefit in her husband's will, to a distributive portion of her husband's personal estate, under *St.* 1854, c. 428, is limited to ten thousand dollars at the time when the order for distribution is made.

THE *first* of these cases was a petition to the judge of probate by the widow of Hervey Sullings, deceased, testate, setting forth that she duly waived the provisions of his will in her behalf, and became entitled to her distributive share of his estate ; that her claim was denied by the executors, and she was

---

compelled to sue therefor, and obtained a judgment in her favor that the executors thereupon brought a bill in equity against her to debar her from taking advantage of said judgment, on which bill a decree was rendered in her favor; that the settlement of the estate has been thereby delayed, and she has been kept from the use of her share to the present time; and that meanwhile the estate in the hands of the executors has increased very much, of which increase a proportionate share belongs to her.

The answer of the executors averred that the proceedings on their part in resisting the claim had been in good faith, in consequence of the execution by the petitioner of an ante-nuptial agreement, barring her therefrom; that upon the bill in equity brought by them this court had issued an injunction restraining her from the collection of any distributive share from the estate; that immediately upon the rendering of the decree in her favor they paid to her the sum of ten thousand dollars; and denied that she is entitled to receive anything more than that sum.

This petition was dismissed by the judge of probate, and the petitioner appealed to this court; and the parties filed an agreed statement of facts as to the amount of the estate at the death of the testator, and afterwards.

The *second* case was a bill in equity, setting forth substantially the same facts, and praying that the defendants might be declared to be trustees, holding her distributive share for her use during the time of its detention from her, and accountable to her for interest thereon or for the actual increase of the property.

The answer averred substantially the same facts as the former answer, and a similar agreement of facts was also made; and the case was reserved, by *Gray,* J., for the determination of the whole court.

*T. D. Eliot & T. M. Stetson,* for Mrs. Sullings.

*J. C. Stone & W. W. Crapo,* for the executors.

HOAR, J. These parties have twice before been before this court; first, on an appeal from the court of probate, 5 Allen, 187; and again upon a bill in equity, 9 Allen, 234. The object

in both suits was to determine whether Mrs. Sullings, who had waived the provisions in her husband's will, was barred from claiming a distributive share of his personal estate by reason of an ante-nuptial contract; and the decision was that she was not barred, either at law or in equity. While those suits were pending, she was delayed in obtaining a decree of distribution by which she would have received the share to which she was entitled; first, during the pendency of the probate appeal; and afterward by an injunction granted in the suit in equity, which was dissolved upon the final decree. In the mean time the value of the estate has increased; and she now applies for an allowance of the proportionate share of this increase belonging to the distributive share of the estate to which she would have been entitled, if the decree of distribution had been made immediately after her husband's death, or as soon after as it would have been made, but for the litigation above recited.

Her right in her husband's estate was created and determined by the statute in force at the time of his death, *St.* 1854, *c.* 428, which is as follows: " When any man shall die, having lawfully disposed of his estate by his will, and leaving a widow, the widow may, at any time within six months after the probate of the will, waive the provisions made for her in the will; and she shall, in such case, be entitled to such portion of the real and personal estate as she would have been entitled to if her husband had died intestate; *provided,* however, that the widow shall not, in any such case, be entitled to receive more than ten thousand dollars out of the personal estate." This right, we think, is to be enjoyed at the time of the decree of distribution. It is said that the share of a distributee of personal estate vests at the death of the intestate; and that, so far as the widow is concerned, she takes as if her husband had died intestate. This is true to a certain extent. Her share in his estate is so far vested that it will pass to her personal representative in case of death, and is assignable in her lifetime. It is a present interest in property. But it is not a right to receive any specific property or sum of money, until after a decree of distribution. When the estate is settled, so that a distribution can be made, it is the

duty of the executors to pay according to the decree of the pro·
bate court.   Until such a decree is made they are in no default,
and they can only pay according to the decree.   In making the
decree for distribution, the probate court must be governed by
the statute, and could not order payment of a larger sum than
ten thousand dollars to be made to the widow.

The argument for the petitioner is, that her interest in her
husband's estate existed at the time of his death; that although
the amount which she would ultimately receive cannot then be
absolutely ascertained, nor judicially determined until the debts
and charges of administration are paid, yet that when the time
for distribution arrives it can be made certain what proportion
of the whole personal estate vested in her at the time of her hus-
band's death; that any income or increase in value accruing
during the settlement of the estate from the investment of her
share should not be allowed to go to other parties interested, but
in justice and equity belongs to her.   The effect of this would
be that where, as in this case, there were children, and the widow
was therefore entitled to one third of the personal estate, if that
part did exceed ten thousand dollars, if the estate by the inven-
tory amounted to fifty thousand dollars, she would be regarded
as the owner of one fifth of it; and if, at the time of distribu-
tion, it had increased to seventy-five thousand, she would be
entitled to receive fifteen thousand.   But if this were so, it is
obvious that the converse of the proposition must be true ; and
if, during the settlement of the estate, the property had dimin-
ished in value without fault of the executors, so that there
should be but thirty thousand dollars for distribution, she would
still be entitled to but one fifth, that is, to six thousand dollars.

We cannot regard this construction as conformable to the lan-
guage or the meaning of the statute.   The widow's interest is
like that of any other distributee, to receive, under the decree of
distribution, one third of the personal estate which the probate
court orders to be distributed, but not exceeding ten thousand
dollars.   What she is to receive is then for the first time deter-
mined; and she is entitled to the share fixed by the statute
whether the other parties interested lose or gain by the delay in

settling the estate. The executors are not trustees for her of any specific property or share, until her share is ascertained by the decree. If they delay unreasonably the rendering of their accounts and obtaining an order of distribution, her remedy is by citing them to account.

In the case at bar we do not find that the executors have been in fault. When it was decided that the ante-nuptial agreement was not a legal bar to a decree of distribution in the probate court, she was at liberty to procure such a decree to be made. The subsequent delay was occasioned by an injunction from this court, which she could have moved to dissolve if prejudicial to her rights; or which might perhaps have been modified, upon her motion, so as to allow a decree of distribution to be made, and the amount of her share ascertained, and invested to await the final decree in the suit in equity. But this course not having been taken, and the executors having no duty to pay her any-thing until they were ordered to do so by the probate court, it is too late to furnish a remedy. She has now received the whole amount to which she was entitled, and her petition for a farther allowance must be dismissed.

This decision is made upon the ground that she has no right, in any form, to receive more than ten thousand dollars at the time when payment is ordered in the court of probate. It is therefore equally conclusive upon the suit in equity; and in that suit the judgment is that     *The bill be dismissed, with costs.*